THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SALVA-TORE ARCIDIACO and Another, Appellants.

Court of Special Sessions, City of New York, Appellate Part, First Department, August 19, 1935.

*Maurice F. Canton* and *Robert Fitzsimmons*, for the appellants.

*William C. Dodge, District Attorney [Ambrose J. Delehanty* of counsel], for the respondent.

SALOMON, J. The defendants are charged with disorderly conduct under subdivision 11 of section 722 of the Penal Law in that the defendants did unlawfully and with intent to provoke a breach of the peace and whereby a breach of the peace may be occasioned, did on or about June fifth and thereafter and on various occasions until June twenty-eighth consort with each other for an unlawful purpose. The defendants are individuals who bear evil reputations.

We are satisfied from a reading of the testimony in this case that the magistrate, before whom this case was tried, was justified and warranted in finding from the evidence adduced before him that the defendants were of criminal and evil reputation and consorted

with each other for an unlawful purpose. We will not overrule or disturb the finding of the magistrate in this case; after hearing the evidence offered on the part of the defendants to rebut the presumption created by the section, the magistrate by his judgment of conviction reached the conclusion that the defendants on the days in question consorted for an unlawful purpose; that their testimony did not rebut the presumption and that after hearing the entire evidence he was satisfied beyond a reasonable doubt that the defendants were of a criminal and evil reputation and consorted for an unlawful purpose, all of which is a violation of this section.

The magistrate had before him all the witnesses and of course was in a position to observe the demeanor of each and every witness. He also heard the testimony of one of the defendants, Spitale, who testified that he knew and was very friendly with his codefendant for the past seven or eight years, and had close contact with him during those eight years and that in the month of June, 1935, the month of the arrest, he was with his codefendant on the second, fifth, eighth, seventeenth, twenty-first and twenty-eighth. In contrast with that testimony the magistrate had a right to consider the testimony of the police officer to the effect that he saw the defendants together for sometime on the twenty-eighth of June, in front and in the premises in question in conversation and making telephone calls, and that when he approached the defendants and spoke to the defendant Spitale and asked him at two different times as to whether he knew his codefendant, Spitale replied " he did not know him." The trial judge had a right to take into consideration this testimony and draw his conclusions as to the reasons for these defendants consorting on the days in question, and in our opinion this portion of the testimony together with all the other testimony adduced before the magistrate as to the defendants conduct from time to time and their contacts from time to time and often in the same vicinity, justified him in reaching the conclusion that the defendants were consorting for an unlawful purpose beyond a reasonable doubt and were of criminal and evil reputation.

As to the constitutionality of the statute in question we are satisfied that this law does not violate any constitutional rights of the defendants. Such statutory presumptions that merely change the rule of evidence are not novel. We have such presumptions created in various sections of the law; namely, 1302-a of the Penal Law, 1308 of the Penal Law, 1898 of the Penal Law, 1431-a of the Penal Law and 1292-a of the Penal Law. These presumptions have never been disputed nor does the presumption in question affect the constitutional rights of the defendants herein, the People still have the burden as provided by our Constitution to prove their

case beyond a reasonable doubt. The defendants still stand before the court with the presumption of innocence until they are proven guilty beyond a reasonable doubt, and if this case was tried before a court and a jury it would be error for the trial judge not to charge the jury that the People must prove its case beyond a reasonable doubt as to all the elements despite the rebuttable presumption provided for in the statute. He would, of course, charge the jury as to the weight it should give to the presumption created by the statute.

Judgment affirmed.

DALE and VOORHEES, JJ., concur.